The information available on Case.net is provided as a service and is not considered an official court record.


Case.net:2622-CC13893 - ALENCIA JACKSON V STERIS CORPORATION (E-CASE) - Docket Entries

**| Respond to Selected Documents |** **Sort by date:** Descending Ascending **Display options:** All Entries

**11/17/2026**

**Jury Trial Scheduled**

**Scheduled For:** 09/07/2027; 9:00 AM; CHRISTOPHER EDWARD MCGRAUGH; City of St. Louis

**10/26/2026**

**Family Member/Roommate Served**

Document ID - 26-SMCC-17373; Served To - STERIS CORPORATION; Served Date - 10/22/2026; Served Time - 11:32:03; Service Type - SD; Reason Description - SERV; Service Text -

**Notice of Service**

26-MCC-17373.

**10/15/2026**

**Correspondence Filed**

A LETTER MAILED TO PLAINTIFF WITH 2 COPIES OF SUMMONS AND A COPY OF PETITION TO SEND TO SAINT LOUIS COUNTY, MO SHERIFF'S DEPARTMENT FOR SERVICE ON DEFENDANT

**Summons Issued-Circuit**

Document ID: 26-SMCC-17373, for STERIS CORPORATION

**Ord Allow In Forma Pauperis**

**Confid Filing Info Sheet Filed**

**10/13/2026**

**Judge Assigned**

**Petition Filed - No Fees**

EXHIBIT A

2022CC13893

MISSOURI CIRCUIT COURT TWENTY-SECOND
JUDICAL CIRCUIT

Alencia Jackson
Plaintiff,
1 Ruby St Cahokia IL 62206
v.

STERIS CORPORATION,
Defendant.
8525 Page Ave St louis mo, 63114

CIVIL COMPLAINT

Plaintiff, Alencia Jackon, appearing pro se, for her Complaint against Defendant STERIS Corporation ("STERIS"), states as follows:

PARTIES AND JURISDICTION

1. Plaintiff is an individual residing in the State of Missouri.
2. Plaintiff was employed by Defendant STERIS Corporation in the St. Louis, Missouri area.
3. Defendant STERIS Corporation is an employer doing business in Missouri and in the City of St. Louis.
4. The events giving rise to this action occurred in connection with Plaintiff's employment with STERIS in Missouri.
5. Venue is proper in the Circuit Court of the City of St. Louis because substantial events giving rise to Plaintiff's claims occurred in St. Louis City and/or Defendant conducted business there.
6. Plaintiff brings this action concerning Defendant's conduct involving Plaintiff's employment, workplace treatment, pregnancy-related rights, medical leave, compensation, contractual employment rights, and other damages suffered by Plaintiff.

FACTUAL BACKGROUND

7. I was employed by STERIS Corporation as a forklift operator.
8. My employment was governed by STERIS's policies, employee handbook, applicable employment agreements, and, if applicable, a collective bargaining agreement.
9. STERIS maintained policies concerning employee conduct, workplace harassment, discipline, compensation, work schedules, leave, medical accommodations, and employee complaints travel time
10. On August 16, 2024, I suffered an injury arising out of and/or occurring during the course and scope of employment with STERIS.

Jury Trial

11. I reported my workplace injury and sought medical treatment.
12. I participated in the workers' compensation process associated with my workplace injury.
13. STERIS knew that I had been injured at work and knew that I was receiving and seeking medical treatment.
14. one week after workplace injury, I began experiencing harassment in the workplace.
15. The harassment included verbal, mental, and/or physical conduct that Plaintiff found threatening, humiliating, intimidating, and inappropriate.
16. I reported the harassment to STERIS.
17. Rather than adequately resolving my complaints, I was instructed to clock out and leave work .
18. I did not voluntarily abandon my employment.
19. After August 28, 2024, STERIS stopped or substantially stopped communicating with me for an extended period.
20. I remained in a position in which I did not know whether STERIS considered me employed, suspended, on leave, or otherwise absent from work.
21. STERIS failed to provide me with appropriate work, wages, hours, benefits, and employment communication during this period.
22. I also alleges that STERIS provided inconsistent information concerning my employment status to persons involved in administering her workers' compensation claim.
23. I alleges that they told me that STERIS had represented to the workers' compensation adjuster that I had been terminated, while STERIS otherwise represented to me that I had not been terminated.
24. this inconsistent information contributed to the denial or interruption of workers' compensation-related payments and caused me substantial financial hardship.
25. I sought medical treatment for my workplace injury and was required to travel for medical appointments and/or other treatment-related purposes.
26. I alleges that STERIS failed to properly compensate me for travel time and/or other time that I was entitled to be compensated for under applicable law, policy, or contract.
27. I also alleges that STERIS failed to properly pay for work hours and/or shifts that she was entitled to receive under the applicable employment policies, agreement, or contract.

PREGNANCY AND MEDICAL LEAVE

28. During the relevant period, I was pregnant.
29. STERIS knew I was pregnant.
30. my pregnancy and medical circumstances existed during the period in which I was experiencing the workplace injury, harassment, absence from work, and employment disputes.
31. I requested medical leave and/or FMLA leave to give birth.
32. I communicated to STERIS that I need leave and it was related to medical circumstances and/or conditions requiring medical attention.
33. STERIS denied or failed to properly process my requested leave.
34. STERIS characterized my reason for leave as being for "personal reasons."
35. Plaintiff alleges that this characterization did not accurately reflect the medical circumstances underlying her request for leave.

36. I allege that STERIS failed to properly recognize, process, or administer my protected medical leave rights.
37. I further alleges that STERIS failed to properly address my pregnancy-related medical needs and/or requests for accommodation, to the extent required by applicable law.
38. I suffered financial and other damages as a result of the denial and/or mishandling of medical leave and employment status.

RETURN TO WORK

39. I returned to work at STERIS on April 25, 2025.
40. I returned to work after an extended period away from the workplace.
41. My return occurred after STERIS had investigated allegations and/or accusations concerning me.
42. I alleges that the investigation did not result in findings substantiating the allegations against her and that STERIS nevertheless continued to subject me to adverse treatment.
43. After I returned to work, the harassment and workplace conflict intensified.
44. The Human Resources representative responsible for handling my employment matters repeatedly suspended me due to being personal friends with the other co-workers.
45. I was suspended on multiple occasions based upon allegations against me that were not substantiated.
46. I was nevertheless permitted to return to work following the investigations.
47. while allegations against me were investigated and documented, my own complaints concerning harassment and workplace misconduct were not properly documented.
48. Plaintiff repeatedly reported conduct that she believed violated workplace policies and/or applicable law.
49. I requested that my complaints be documented.
50. STERIS refused and failed to properly document my complaints.
51. This resulted in an unequal and unfair handling of workplace complaints.
52. I continued performing work for STERIS despite the ongoing disputes and disciplinary actions.

UNPAID WORK AND TRAVEL TIME

53. I performed work on the production floor and/or performed other duties for STERIS.
54. STERIS failed to pay me for all hours I actually worked.
55. STERIS failed to properly record and/or compensate all of my work hours.
56. STERIS failed to compensate me for qualifying travel time.
57. My work schedules, shifts, travel requirements, and compensation were governed in part by STERIS's policies and/or applicable employment agreement or collective bargaining agreement.
58. I seek payment for all compensable hours worked and all other compensation required under applicable law, policy, or contract.
59. I will rely upon time records, payroll records, schedules, badge records, work records, travel records, paystubs, and other employment records.

$5,000 RESIGNATION OFFER

60. During the employment dispute, STERIS offered me $5,000 in exchange for me resigning from my employment and/or agreeing to end the employment relationship.
61. I declined the $5,000 offer.
62. I did not voluntarily resign from her employment.
63. I did not agree that the $5,000 offer resolved or released my claims.
64. The offer was made while there were ongoing disputes concerning my employment, workplace treatment, medical leave, compensation, and other employment matters.
65. I will rely upon any written offer, email, text message, separation agreement, communication, or witness testimony concerning the $5,000 offer.
66. The circumstances surrounding the offer are relevant to the history and circumstances of the employment dispute.

TERMINATION

67. I continued to report workplace problems and continued asserting that I had been subjected to improper treatment.
68. I also sought assistance concerning the workplace conditions, including contacting OSHA and law enforcement.
69. I made a police report and filed for restraining orders concerning harassment and/or conduct connected to the workplace.
70. STERIS subsequently terminated my employment.
71. The termination occurred after I had returned to work and after the ongoing disputes concerning my treatment and employment.
72. STERIS provided explanations concerning the termination.
73. STERIS provided conflicting explanations concerning why my employment ended.
74. The reasons given by STERIS were inconsistent with one another and with the circumstances surrounding my employment.
75. I deny voluntarily resigned from STERIS.
76. I was terminated despite continuing to perform my job and despite STERIS having previously permitted me to return to work after allegations against me were investigated.
77. The Termination caused substantial financial and emotional damages.

COUNT I
PREGNANCY DISCRIMINATION

78. I incorporates paragraphs 1 through 77.
79. I was pregnant during the relevant period.
80. STERIS knew that Plaintiff I was pregnant.
81. I was treated differently and adversely in connection with the terms, conditions, privileges, compensation, leave, discipline, and/or termination of my employment because of pregnancy and/or pregnancy-related medical circumstances.
82. The adverse treatment included, among other things, denial and/or mishandling of leave, discipline, suspension, loss of work, compensation issues, and termination.
83. my pregnancy and/or pregnancy-related medical circumstances were factors in the treatment she received.
84. I seeks all relief available under applicable federal and Missouri law.

COUNT II
PREGNANT WORKERS FAIRNESS ACT

85. I incorporates paragraphs 1 through 84.
86. Plaintiff had pregnancy-related medical circumstances and/or limitations during her employment.
87. I communicated medical needs and/or requested leave and/or accommodation.
88. STERIS failed to properly consider and/or accommodate my pregnancy-related limitations and medical needs, to the extent required by applicable law.
89. STERIS denied or failed to properly address requests related to her pregnancy and medical condition all restrictions giving was due to my workplace injury and not my pregnancy I requested leave to give birth
90. I seeks all relief available under the Pregnant Workers Fairness Act, to the extent the Act applies to the facts established in this case.

COUNT III
FMLA INTERFERENCE

91. I incorporates paragraphs 1 through 90.
92. I requested and/or attempted to obtain medical leave.
93. I requested leave involved medical circumstances potentially qualifying for protection under the Family and Medical Leave Act.
94. I provided STERIS with information concerning my medical circumstances.
95. STERIS denied and/or failed to properly process my requested leave.
96. STERIS characterized my request as being for "personal reasons."
97. STERIS failed to properly recognize and administer my rights under the FMLA.
98. To the extent satisfied all statutory eligibility and coverage requirements, I seeks damages and other relief available under the FMLA.

COUNT IV
UNPAID WAGES AND COMPENSATION

99. I incorporates paragraphs 1 through 98.
100. I performed compensable work for STERIS.
101. STERIS failed to pay me for all hours worked.
102. I worked hours on the production floor that were not properly paid and/or recorded and the human resource melanie dix purposely toke hours

STERIS failed to pay qualifying travel time associated with her employment and/or required activities.

103. I seeks all unpaid compensation available under applicable federal and Missouri wage laws and any applicable employment agreement, policy, or collective bargaining agreement.
104. I seeks recovery of unpaid wages, applicable overtime, damages, interest, costs, and any other relief authorized by law.

COUNT V
BREACH OF EMPLOYMENT AGREEMENT / COMPANY POLICIES / COLLECTIVE BARGAINING AGREEMENT
TO THE EXTENT APPLICABLE

106. I incorporates paragraphs 1 through 105.

107. My employment was subject to written policies, agreements, and/or a collective bargaining agreement.

108. Those documents governed, among other things, compensation, scheduled hours, travel time, discipline, suspension, workplace procedures, and/or termination.

109. STERIS failed to comply with applicable contractual and/or binding employment provisions.

110. The breaches include, but are not limited to:

a. failure to properly pay me for applicable work hours;

b. failure to properly pay applicable travel time;

c. failure to follow applicable disciplinary procedures;

d. failure to properly handle my employment status;

e. failure to follow applicable procedures concerning workplace complaints;

f. failure to comply with applicable provisions concerning suspension; and address the harassment

g. denied of my union duties aying I was not in the union when all employees are in the union after 45 days.

111. I seeks all damages and other relief available for the applicable contractual violations.

COUNT VI
WRONGFUL DENIAL OR FAILURE TO PROVIDE EMPLOYMENT BENEFITS
TO THE EXTENT APPLICABLE

112. I incorporates paragraphs 1 through 111.

113. STERIS failed to properly administer and/or provide employment-related benefits to which I was entitled under applicable law, policy, contract, benefit plan, or other governing document.

114. I specifically alleges that I was denied and/or deprived of compensation and benefits associated with my employment, medical leave, work schedule, and/or other employment rights.

115. I seeks recovery of benefits and damages to the extent permitted by the governing law, contract, policy, or benefit plan.

DAMAGES

116. As a direct and proximate result of STERIS's conduct, I have suffered damages including:

a. lost wages;

b. unpaid wages;

c. unpaid qualifying travel time;

d. lost overtime;

e. lost employment benefits;

f. lost leave-related benefits;

g. financial losses resulting from the extended period without normal employment;

h. emotional distress;

i. mental anguish;

j. humiliation;

k. loss of employment opportunities;

l. expenses incurred as a result of Defendant's conduct;

m. statutory damages where authorized;

n. Financial hardship leading to eviction and my vehicle being taken ;

o. not being able to get employed at other jobs due to my workplace injury

p. interest; and

q. any other damages authorized by applicable law.

REQUEST FOR RELIEF

WHEREFORE, I respectfully requests that this Court enter judgment in MY favor and against Defendant STERIS Corporation and award:

A. Actual damages in an amount to be proven at trial;

B. All unpaid wages and compensation;

C. Compensation for qualifying unpaid travel time;

D. Lost employment benefits;

E. Damages available under the FMLA;

F. Damages available under the Pregnant Workers Fairness Act;

G. Damages available for pregnancy discrimination;

H. Contractual damages, if applicable;

I. Prejudgment and post-judgment interest where permitted;

J. Emotional Distress

K. pain and suffering

L. Any statutory damages available under applicable law;

M. Any equitable relief available under applicable law;

N. Any other relief the Court determines to be just and proper.

ASKING FOR TRIAL on all claims and issues for which trial is available.

Respectfully submitted,

Alencia Jackson

Alencia Jackson
Plaintiff, Pro Se

1 ruby st
cahokia, il, 62206
618) 540-0222
monicacoins1@gmail.com

Date: 10/13/2026

Sworn to and subscribed before me this 13TH date of October, 2026.

Witness my hand and official seal.

Notary Public BDR

BARBARA D. RENFROW
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis City
My Commission Expires: May 31, 2028
Commission Number: 20606492

TWENTY-SECOND JUDICIAL CIRCUIT OF MISSOURI
CITY OF ST. LOUIS

THOMAS KLOEPPINGER
CIRCUIT CLERK

**OCTOBER 15, 2026**

**Cause Number: 2622-CC13893**

Dear ALENCIA JACKSON

Please find enclosed herein, two (2) copies of the summons with attached Petition in regard to the above cause number.

You must forward both copies to the **SAINT LOUIS COUNTY, MO SHERIFF'S DEPARTMENT** or other process server in the county and state where you are attempting to serve the defendants.

As the summons must be served within thirty (30) days of issue date, it is very important that you do this as soon as possible or the summons will expire.

Sincerely,

THOMAS KLOEPPINGER
Circuit Clerk

By: M MCMULLEN
Deputy Clerk

# FILED AS A POOR PERSON

## Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | **Case Number: 2622-CC13893** | |
| Plaintiff/Petitioner:<br>ALENCIA JACKSON<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ALENCIA JACKSON<br>1 RUBY ST<br>CAHOKIA, IL 62206 | |
| Defendant/Respondent:<br>STERIS CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp for Return) |

**The State of Missouri to:** **STERIS CORPORATION**
**Alias:**
**8525 PAGE AVE**
**SAINT LOUIS, MO 63114**

**Other Addresses:**

ST LOUIS COUNTY SHERIFF

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***CITY OF ST LOUIS***

10/15/2026
Date

Clerk

**Further Information:**

 Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ____________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

____________________ (name) ____________________ (title).

☐ other: ____________________.

Served at ____________________ (address)
in ____________________ (County/City of St. Louis), MO, on ____________________ (date)
at __________ (time).

____________________ ____________________
Printed Name of Officer or Server Signature of Officer or Server

*(Seal)*

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ____________________ (date).

My commission expires: __________ ____________________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

 Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - CITY OF ST. LOUIS - October 26, 2026 - 11:05 AM

SIB 11/14

RETURN

# FILED AS A POOR PERSON

## Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division: CHRISTOPHER EDWARD MCGRAUGH | **Case Number: 2622-CC13893** |
| Plaintiff/Petitioner: ALENCIA JACKSON vs. | Plaintiff's/Petitioner's Attorney/Address ALENCIA JACKSON 1 RUBY ST CAHOKIA, IL 62206 |
| Defendant/Respondent: STERIS CORPORATION | Court Address: CIVIL COURTS BUILDING 10 N TUCKER BLVD SAINT LOUIS, MO 63101 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | |

(Date File Stamp for Return)

**The State of Missouri to:** **STERIS CORPORATION**

10-22

**Alias:**
**8525 PAGE AVE**
**SAINT LOUIS, MO 63114**

Serve to main office at 7405 Page Ave, 63133 St. louis mo

14 DAVIR SJ

**Other Addresses:**

ST LOUIS COUNTY SHERIFF

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***CITY OF ST LOUIS***

10/15/2026
Date

Clerk

RECEIVED
2026 OCT 19 AM 10:55
ST. LOUIS COUNTY SHERIFF'S OFFICE

**Further Information:**

10/20/26 26-59283

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-17373**
1 of 2 (2622-CC13893)
Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - CITY OF ST. LOUIS - October 26, 2026 - 11:05 AM

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☑ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with LC Toby, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________ (name) ______________ (title).

☐ other: ______________.

Served at 2405 Page Ave 63153 (address)

in StLouis (County/City of St. Louis), MO, on 10 22 26 (date)

at 300PM (time).

Ruben Dawson
Printed Name of Officer or Server

[signature]
Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________ (date).

*(Seal)*

My commission expires: ______________ ______________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.